ROGERS, C.J., concurring.
 

 For the reasons explained in my concurrence in
 
 State
 
 v.
 
 Bellamy
 
 ,
 
 323 Conn. 400
 
 , 454,
 
 147 A.3d 655
 
 (2016), I continue to adhere to my belief that we should overrule our opinion in
 
 State
 
 v.
 
 Kitchens
 
 ,
 
 299 Conn. 447
 
 ,
 
 10 A.3d 942
 
 (2011), thereby reinstating the much narrower conception of implied waiver of claims of jury instructional error that predated
 
 Kitchens
 
 . See
 
 State
 
 v.
 
 Bellamy
 
 , supra, 454-55,
 
 147 A.3d 655
 
 . Under the unique circumstances and for the limited purpose of the present appeal, however, I concur with and join the majority opinion.
 

 PALMER, J., with whom McDONALD, J., joins, concurring.
 

 I continue to adhere to the views expressed in my concurrence in
 
 State v. Bellamy
 
 ,
 
 323 Conn. 400
 
 , 466,
 
 147 A.3d 655
 
 (2016), with respect to the law of implied waiver as applied to jury instruction claims. Under the unique circumstances and for the limited purpose of the present case, however, I concur with and join the majority opinion.